LIMA F. ROOT *vs.* KENDALL BANCROFT & others.

A bill in equity by a grantor, to avoid a deed which he has been induced to execute by fraud of the owners of other interests in the land, cannot be sustained without averring that the grantee had notice of the fraud or paid no valuable consideration for the deed.

BILL IN EQUITY by the widow of Jesse Root, to set aside releases of her interest in her husband's lands, on the ground that she was induced to execute them by the gross fraud and imposition of Abel Bancroft, his executor, and his residuary legatees. The bill averred that the plaintiff's interest in part of the land was released to the residuary legatees, and was now owned by them and by S. S. Holton, H. H. Holton and S. D. Cummings; and that her interest in another part was released directly to Bowditch Montague and Abel Benjamin; and made all these persons, as well as the executor and residuary legatees, parties; but did not aver that the Holtons, Cummings, Montague or Benjamin had any knowledge of the fraud. And they demurred generally to the bill.

*D. W. Alvord,* for the defendants, cited 1 Story on Eq. §§ 57, 381, 409; *Bean* v. *Smith,* 2 Mason; 272, 279; *Jerrard* v. *Saunders,* 2 Ves. Jr. 458; *Johnson* v. *Johnson,* 3 Met. 63; *Green* v. *Tanner,* 8 Met. 411.

*C. Allen,* for the plaintiff. 1. If the present owners can defend at all, it is only by plea and proof of payment of the full consideration, and that the conveyances to them were without notice. Story Eq. Pl. § 604 *a.* *Wood* v. *Mann,* 1 Sumner, 506. *Boone* v. *Chiles,* 10 Pet. 212.

2. The deeds of Montague and Benjamin, having been procured by fraud, may be set aside in equity, not only as to the person who practised the fraud, but as to third persons who have acquired interests under them, though perfectly innocent. *Whelan* v. *Whelan,* 3 Cow. 537. *Huguenin* v. *Basely,* 14 Ves. 273 *Bridgman* v. *Green,* 2 Ves. Sen. 627.

MERRICK, J. Upon examination of the allegations in the bill, we are unable to find any ground upon which it can be

maintained, or any just cause whatever of complaint against either of the parties who have demurred to it. It sets forth the acts and conduct of Abel Bancroft, which are charged to have been unjust and fraudulent towards the plaintiff, in procuring from her conveyances of the estates of which those parties are now in possession under deeds thereby executed; but it does not allege that either of them, directly or indirectly, actually or constructively, committed any fraud, or was conusant, or had any reasonable cause of suspicion of the commission of it by others. Upon such a statement as this, it is impossible to break in upon their title to the property or to disturb them in the enjoyment of it. It is a rule not less in courts of equity than in courts of law, that fraud is not to be presumed; it is a fact to be established by proofs before it can be assumed as the basis of a judgment or of any judicial action affecting the rights of any owner of property. 1 Story on Eq. § 190. But where, as in the present case, there is no allegation or suggestion of fraud against the persons who are now in possession of the estates which the plaintiff seeks to recover, there can be neither proof nor defence; for there is no averment on the subject which can be either established or denied, or to the truth or falsehood of which evidence could be adduced. It is a reasonable and fixed principle of law, that *bona fide* purchasers for valuable consideration, without notice of any sinister or fraudulent practices by which conveyances may have been induced, are always to be carefully protected. 1 Story on Eq. § 381. And he may safely be presumed to have acted in good faith, and to have paid the valuable consideration expressed in the deed under which he derives his title, and the receipt of which is therein expressly acknowledged, to whom no fraud or knowledge of fraud, or any want of fairness or integrity in dealing, is imputed. Such is the condition of the defendants who have demurred to the plaintiff's bill; and as against them, it must therefore be dismissed.